UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME STALLWORTH,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>CHRISTIAN PFEIFFER,<br><br>　　　　Respondent. | Case No.: 1:21-cv-00789-SKO (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO SUMMARILY DISMISS PETITION<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>[21-DAY OBJECTION DEADLINE] |

　　　　Petitioner is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　On May 17, 2021, Petitioner filed the instant habeas petition. He challenges a parole suitability determination by the California Board of Parole Hearings. Because the petition was mailed to the wrong court, and the federal court is without jurisdiction to review the substantive due process of a parole suitability determination, the Court will recommend the petition be DISMISSED.

I.　　Preliminary Screening of the Petition

　　　　Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory

Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). The Court will review the instant petition pursuant to its authority under Rule 4.

II.     Failure to Exhaust

It appears Petitioner filed the petition in the wrong court. Petitioner captioned the petition for the Fifth District Court of Appeal, and he contends that the Superior Court applied the wrong standard in reviewing his petition. Thus, it appears he intended the petition to be filed in the state appellate court.

If he intended the petition to be filed in this Court, then the petition must be dismissed for failure to exhaust state remedies. A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must first exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1 (1992) (factual basis).

The petition indicates that Petitioner has only presented his claims to the superior court. Because Petitioner has not presented his claims for federal relief to the appellate court and the California Supreme Court, the Court must dismiss the petition. Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

III.     Failure to State a Claim Cognizable Under Federal Habeas Corpus

Petitioner states that he is an inmate of the California Department of Corrections and Rehabilitation serving a sentence of 20 years and 4 months imposed by the San Bernardino County Superior Court following his 2015 conviction for first degree residential burglary and association with a criminal street gang with specific intent to promote or assist in criminal activity. (Doc. 1 at 2.) Petitioner does not challenge his conviction; rather, he challenges the February 11, 2021, decision of the California Board of Parole Hearings ("Board") finding him unsuitable for parole. He claims the Board's decision was arbitrary, thereby depriving him of his due process rights.

Petitioner's claims concern the decision of the Board. These claims are foreclosed by the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011). In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id., (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)).

Here, Petitioner does not contend he was denied these procedural due process guarantees. According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 562 U.S. at 220. "'The Constitution,' [the Supreme Court] held, 'does not require more.'" Id., (quoting Greenholtz, 442 U.S. at 16). Therefore, Petitioner's challenges to the Board's denial of parole fail to present cognizable federal claims for relief, and the petition should be dismissed.

**ORDER**

Based on the foregoing, the Clerk of the Court is HEREBY DIRECTED to assign a United States District Judge to this case.

**RECOMMENDATION**

The Court HEREBY RECOMMENDS that the instant petition for writ of habeas corpus (Doc. 1) be SUMMARILY DISMISSED for failure to exhaust and for failure to state a claim upon which federal habeas relief can be granted.

3

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 19, 2021**          /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE