UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME STALLWORTH, | No. 1:21-cv-00789-NONE-SKO (HC) |
| Petitioner, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE AND CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| v. | |
| | (Doc. No. 3) |
| CHRISTIAN PFEIFFER, | |
| Respondent. | |

Petitioner Jerome Stallworth is a state prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 20, 2021, the assigned magistrate judge issued findings and recommendations recommending that the petition be dismissed for lack of jurisdiction and for failure to state a cognizable claim for federal habeas relief. (Doc. No. 3.) First, petitioner captioned his petition to the California Court of Appeal for the Fifth Appellate District, indicating that petitioner filed his petition in the wrong court. (*Id.* at 2; *see* Doc. No. 1 at 1.) Second, petitioner has not presented his claims for federal relief to the California Supreme Court and thus has not exhausted those

1  claims. (Doc. No. 3 at 2; *see* Doc. No. 1 at 7.) Third, petitioner challenges the decision of the
2  California Board of Parole Hearings finding him unsuitable for parole, but because petitioner
3  does not allege that he was denied procedural due process guarantees, he has failed to present a
4  cognizable federal habeas claim. (*See* Doc. No. 3 at 3.) Those findings and recommendations
5  were served upon all parties and contained notice that any objections thereto were to be filed
6  within twenty-one (21) days after service. No objections have been filed, and the deadline to do
7  so has expired.

8  In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the court has conducted a
9  *de novo* review of the case. Having carefully reviewed the entire file, the court concludes that the
10  magistrate judge's findings and recommendations are supported by the record and proper
11  analysis.

12  In addition, the court declines to issue a certificate of appealability. A state prisoner
13  seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of
14  his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537
15  U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. If a court denies a petitioner's petition, the court
16  may only issue a certificate of appealability when a petitioner makes a substantial showing of the
17  denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the
18  petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree
19  that) the petition should have been resolved in a different manner or that the issues presented
20  were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473,
21  484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

22  In the present case, the court finds that petitioner has not made the required substantial
23  showing of the denial of a constitutional right to justify the issuance of a certificate of
24  appealability. Reasonable jurists would not find the court's determination that petitioner is not
25  entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to
26  proceed further. Thus, the court declines to issue a certificate of appealability.
27  /////
28  /////

Accordingly,

1. The findings and recommendations issued on May 20, 2021, (Doc. No. 3), are adopted in full;
2. The pending petition for writ of habeas corpus is dismissed;
3. The Clerk of the Court is directed to assign a district judge to this case for the purpose of closing the case and then to enter judgment and close the case; and
4. The court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **July 30, 2021**

_Dale A. Drozd_
UNITED STATES DISTRICT JUDGE

3