UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME STALLWORTH,<br><br>Petitioner,<br><br>v.<br><br>CHRISTIAN PFEIFFER, Warden,<br><br>Respondent. | No. 1:21-cv-00789-DAD-SKO (HC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>(Doc. No. 7)_ |

Petitioner is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On July 30, 2021, the court issued an order dismissing the petition for several reasons, including that:  1) the petition was captioned to the California Court of Appeal, indicating that petitioner filed his petition in the wrong court; 2) to the extent petitioner intended to file his petition in this federal court, he had failed to first exhaust his claims by presenting them to the California Supreme Court; and 3) petitioner failed to assert a cognizable claim for federal habeas relief.  (Doc. No. 4.)  Nearly three months later, on October 20, 2021, petitioner filed the instant motion for reconsideration.  (Doc. No. 7.)  Therein, petitioner contends that the court erred because it "should have simply directed the Clerk to forward the petition to the Fifth Appellate District."  (*Id*. at 3.)

/////

/////

1

**DISCUSSION**

Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "not more than one year after the judgment, order, or proceeding was entered or taken." *Id*.

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (citation omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks and citation omitted). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original). Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

As noted above, petitioner's argument advanced in his motion for reconsideration is that, rather than dismissing this federal habeas action, the court should have forwarded his petition to the California Court of Appeal. This argument fails to satisfy the requirements for a motion for reconsideration primarily because petitioner has not demonstrated that the legal conclusion

reached by the court—that the case must be dismissed—was incorrect.  Put another way, because the petition was not properly filed in this court, the court did not err by dismissing it.  Moreover, as a practical matter, while there are mechanisms by which a federal court can transfer cases to another federal court, *see, e.g*., 28 U.S.C. § 1631, there is no standard procedure for forwarding case documents filed in this court to a state court.  It is petitioner's responsibility to ensure that he files his petition with the proper court.  Rather than file a motion for reconsideration here, upon notice that he had mailed his petition to the wrong court, petitioner's error could have simply been cured by mailing his petition to the proper state court.

Accordingly, petitioner's motion for reconsideration (Doc. No. 7) is DENIED.

IT IS SO ORDERED.

Dated:   **October 25, 2021**

_____
UNITED STATES DISTRICT JUDGE